THEODORE L. CAVENDER, et al., to the use of MARY E. VOSHELL, et al., *vs.* THOMAS CAVENDER.

*Sheriff's Sale Set Aside—Practice.*

Inquisitors must have personal knowledge, or they must inquire as to the value of the land from sworn witnesses, and they must themselves be sworn.

*(November 27, 1897.)*

LORE, C. J., and SPRUANCE and BOYCE, J. J., sitting.
*Peter L. Cooper, Jr.,* for the rule.
*Harry Emmons* contra.

Superior Court, New Castle County, November Term, 1897.
RULE to show cause why a sheriff's sale should not be set aside. The defendant filed several exceptions to the validity of the sheriff's sale, the one relied upon being as follows:

"*Second.* That on September 27th, A. D. 1897, the said plaintiffs, through their attorney in open court, secured a rule of inquisition upon the lands of your petitioner, said rule being returnable within thirty days from the day of issuing the same. That under the said rule the sheriff aforesaid appointed John F. Campbell and Lewis Dickey inquisitors. That neither of said inquisitors was personally acquainted with the land described in said writ, and without taking any evidence as to the value of the rents and profits of said land, and without taking any evidence as to the amount of judgments against your deponent, signed and made their return that the rents and profits of the said land would not be sufficient to pay the said debt in said writ mentioned within the period of seven years. Your petitioner therefore showeth that the return of the inquisition is a fraud upon your petitioner and is wholly void."

The two inquisitors above named were called to the witness stand by Mr. Cooper and testified that they were not personally acquainted with the land described in the writ of inquisition, and without taking any evidence as to the value of the rents and profits of said land or as to the amount of judgments against the defend-

JOHNSON vs. W. & N. C. E. RY. CO.     87

SYLLABUS—STATEMENT OF CASE.

ant, and without being sworn, they merely signed the said inquisition as a matter of form, relying simply upon certain statements made by the deputy sheriff.

LORE, C. J:—Let the rule be made absolute. Inquisitors must have personal knowledge, or they must inquire as to the value of the land from sworn witnesses, and they must themselves be sworn.